IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, <br><br> and <br><br> NATIONAL LEAGUE OF UNITED LATIN AMERICAN CITIZENS, <br><br> and <br><br> JULIE HILBERG, individually and on behalf of others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID WHITLEY, in his official capacity as Secretary of State for the State of Texas, <br><br> and <br><br> KEN PAXTON, in his official capacity as Attorney General for the State of Texas, <br><br> *Defendants.* | CIVIL ACTION NO. 5:19-CV-00074-FB |

### MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER

Defendants in the above entitled cause move for the entry of a confidentiality and protective order ("Protective Order"), and in support thereof, would show as follows:

### INTRODUCTION & BACKGROUND

On January 29, 2019, Plaintiffs filed their Original Complaint against Defendants in this Court. In their First Amended Complaint, Plaintiffs seek declaratory and injunctive relief, alleging violations of the 1st and 14th Amendments and Section 11(b) of the Voting Rights Act on various

grounds in relation to the Secretary of State's provision of voter rolls to Texas counties, pursuant to Election Advisory No. 2019-02.

On February 4, 2019, Plaintiffs filed their Motion for Preliminary Injunction. On the same date, this Court issued an order setting for hearing Plaintiffs' Motion for Preliminary Injunction on February 19, 2019.

On February 11, 2019, Defendants filed their Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6). On the same date, the Court issued an order indicating that Defendants' Motion to Dismiss would also be heard on February 19, 2019.

On February 12, 2019, Plaintiffs issued a subpoena duces tecum to each of the following witnesses to appear and produce documents at the February 19th hearing:

    1) Kristen Spies, Blanco County Tax Assessor Collector;
    2) Cheryl Johnson, Galveston County Tax Assessor Collector;
    3) Lisa Adam, Election Administrator – Guadalupe County;
    4) Bob Reeves, Kerr County Tax Assessor Collector;
    5) Betsey Schonhoff, Secretary of State – Elections Division, and
    6) Gayatri Vasan, Department of Public Safety – Division Support Manager.
    7) Jacquelyn F. Callanen, Bexar County Election Administrator
    8) Jose Salvador Tellez, Webb County Elections Administrator

(*See attached Exhibit A*).

The subpoenas contained the following requests for production:

To witnesses Kristen Spies, Cheryl Johnson, Lisa Adam, Jacquelyn Callanen, Jose Salvador Tellez and Bob Reeves:

> All communications with the Texas Secretary of State's Office or any other individual about Advisory No. 2019-02 regarding "Use of Non-U.S. Citizen Data obtained from the Department of Public Safety" and its implementation; any letters sent by you to registered voters in your county pursuant to Advisory No. 2019-02; any responses to those letters received by you; and any other documents in your possession that related to Advisory No. 2019-02.

>    To witness Gavatri Vasan:
>
>> All and all documents in your possession, including all communications with the Texas Secretary of State's Office or Texas Attorney General's Office, about the provision of records identifying individuals who may have been noncitizens at the time of their driver license application or renewal, the uses for those records, the limitations of those records, and the agreement for monthly sharing of such data.

(*See Attached Exhibit A, pp. 1, 4, 7, 10, 13, & 16*).

It is anticipated the subpoenaed parties intend to respond to the above requests at the time of the hearing. The parties intend to conduct discovery during the pendency of this case. As is apparent from the nature of Plaintiffs' initial subpoenas, the production of confidential materials, including but not limited to personally identifiable information (such as home address, date of birth, and social security number), personal information that is protected by law, and other sensitive information may be requested or exchanged as part of the underlying litigation. Thus, a protective order is necessary to cover protected information exchanged as part of the litigation of this case.

Further, since some requests in this litigation are very likely to continue to seek detailed, sensitive, highly-technical information related to the State of Texas's voter registration or DPS databases, a protective order is necessary to govern the discovery or exchange of such information. The disclosure of this information without a robust protective order could result in significant security risks to State data systems and the vulnerability of individuals' personally identifying information and other sensitive and personal data.

Through conversations with other counties, it became apparent that the targets of Plaintiffs' third-party subpoenas have significant concerns with the production of sensitive information. Moreover, the State generally, and Defendants particularly, have an interest in preventing the disclosure of sensitive information from the State that may be in the possession of such third

parties. The disclosure of such information without a valid protective order in place could result in such information being stripped of statutory protections to confidentiality, possibly including Public Information Act requests. Accordingly, Defendants provided a proposed protective order to Plaintiffs that largely reflects the contents of the Western District of Texas's standard protective order, with additions to ensure that the type of sensitive information at issue in this case is able to be designated as confidential.

Less than 24 hours prior to the preliminary injunction hearing, Plaintiffs provided a draft proposed protective order for the first time. Plaintiffs' proposal was wholly insufficient. It was less than one page of substance, limited in time, did not provide protections for third parties, and did not provide for an adequate procedure for challenging confidentiality designations. It also did not reflect and had no relation to the standard protective order used in the Western District.

On the eve of the preliminary injunction, at approximately 6:15 PM, Defendants learned that Plaintiffs' counsel had negotiated confidentiality agreements with at least some of these third parties—but no protective order has been entered by the Court. As mentioned above, this could have grave implications for the statutory protections regarding such data.

Defendants modified their proposed protective order to address some concerns raised by Plaintiffs, but Plaintiffs refused to propose any different or additional language that would protect the third-parties whom they have unduly burdened with their subpoenas.

On this basis, Defendants request that the attached Protective Order apply to all materials produced pursuant to Plaintiffs' third-party subpoenas as well as all other confidential materials produced or to be produced throughout the pendency of this case. (*See Id.*)

Defendants hereby move for the entry of the attached proposed Protective Order.

## ARGUMENT & AUTHORITIES

A court has broad discretion to issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

In this case, there is good cause for the Court to issue a protective order. The information sought by Plaintiffs in the attached subpoenas would entail the production of confidential materials, including but not limited to personally identifiable information (such as home address, date of birth, and social security number), trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that would disclose personal information of an individual not a party to this litigation that could be used to identify that person or that may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Plaintiffs have rushed to circumvent normal discovery processes by issued document requests attached to third party subpoenas. They have deprived the parties, third parties, and the Court the time to deliberate regarding these sensitive issues, and in doing so they risk the public disclosure of information that should properly remain confidential. Moreover, information related to State data systems, once disclosed, could pose a significant security risk if it were to fall into the wrong hands, and at least one target of Plaintiffs' third-party subpoenas, Gayatri

Vasan, is a State employee who has access to sensitive technical information. Forcing these third parties to disclose this information not only harms their interests, but the interests of Defendants in protecting the integrity and security of State's and individual Texans' sensitive data.

In light of these concerns, the privacy interests of the parties and third parties outweigh the slight burdens imposed on Plaintiffs and the public by a Protective Order that will safeguard the confidentiality of this sensitive information. Because Plaintiffs are unwilling to alleviate these concerns, Defendants ask the Court to exercise its discretion and grant the attached protective order.

## PRAYER

For foregoing reasons, Defendant respectfully requests that this Court enter the proposed Protective Order, attached to this motion, as the Protective Order governing all proceedings in this case.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFERY C. MATEER
First Assistant Attorney General

RYAN BANGERT
Deputy Attorney General for Legal Counsel

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Associate Deputy for Special Litigation
Texas Bar No. 00798537
TODD LAWRENCE DISHER
Special Counsel for Civil Litigation
Texas Bar No. 24081854
MICHAEL TOTH
Special Counsel for Civil Litigation
Texas Bar No. 24100608
ROLA DAABOUL
Assistant Attorney General
Texas Bar No. 24068473
CHRISTOPHER D. HILTON
Assistant Attorney General
Texas Bar No. 24087727

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
Patrick.Sweeten@oag.texas.gov
Todd.Disher@oag.texas.gov
Michael.Toth@oag.texas.gov
Rola.Daaboul@oag.texas.gov
Christopher.Hilton@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with opposing counsel regarding the proposed protective order and the need for confidentiality protections, and Plaintiffs are opposed to this motion.

                                                  */s/ Christopher D. Hilton*
                                                  CHRISTOPHER D. HILTON

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on **February 18, 2019**, and that the person(s) identified below was served by CM/ECF:

| | |
|---|---|
| Danielle M. Lang* | Luis Roberto Vera, Jr. |
| Mark P. Gaber* | General Counsel |
| **Campaign Legal Center** | **Law Offices of Luis Roberto Vera,** |
| 1411 K Street NW, Suite 1400 | **Jr. & Associates** |
| Washington, DC 20005 | 1325 Riverview Towers |
| dlang@campaignlegal.org | 111 Soledad |
| mgaber@campaignlegal.org | San Antonio, TX 78205-2260 |
| *motions for admission pro hac vice Forthcoming* | lrvlaw@sbcglobal.net |
| Renea Hicks | Chad W. Dunn |
| | K. Scott Brazil |
| **Law Office of Max Renea Hicks** | **Brazil & Dunn** |
| P.O. Box 303187 | 3303 Northland Drive, Suite 205 |
| Austin, TX 78703 | Austin, TX 78731 |
| rhicks@renea-hicks.com | chad@brazilanddunn.com |
| David Richards | |
| **Richards, Rodriguez & Skeith LLP** | |
| 816 Congress Avenue, Suite 1200 | |
| Austin, TX 78701 | |

                                                  */s/ Patrick K. Sweeten*
                                                  PATRICK K. SWEETEN