IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, | § § § | |
| and | § § | |
| NATIONAL LEAGUE OF UNITED LATIN AMERICAN CITIZENS, | § § § § | |
| and | § § | |
| JULIE HILBERG, individually and on behalf of others similarly situated, | § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 5:19-CV-00074-FB |
| v. | § § § | |
| DAVID WHITLEY, in his official capacity as Secretary of State for the State of Texas, | § § § | |
| and | § § | |
| KEN PAXTON, in his official capacity as Attorney General for the State of Texas, | § § § § | |
| *Defendants.* | § | |

CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

1.      **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the

supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

## 2. Qualified Persons

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

    i. retained counsel for the parties in this litigation and their respective staff;

    ii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b. For Confidential information:

    i. the persons identified in subparagraph 2(a);

    ii. the party, if a natural person;

    iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv. litigation vendors, court reporters, and other litigation support personnel;

    v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.      Such other person as this court may designate after notice and an opportunity to

be heard.

**3.      Designation Criteria**

a.      *Nonclassified Information*. Classified Information shall not include information

that either:

      i.      is in the public domain at the time of disclosure, as evidenced by a written document;

      ii.      becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      iii.      the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv.      lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.      *Classified Information*. A party or third party shall designate as Classified

Information only such information that the party or third party in good faith believes in fact is

confidential. Information that is generally available to the public or is otherwise publicly available

pursuant to federal and/or state law, such as public filings, catalogues, advertising materials, and

the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but

are not limited to, personally identifiable information (such as home address, date of birth, and

social security number), trade secrets, confidential or proprietary financial information, operational

data, business plans, and competitive analyses, personnel files, personal information that is

protected by law, and other sensitive information that, if not restricted as set forth in this order,

would disclose personal information of an individual not a party to this litigation that could be

used to identify that person or that may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Classified Information also includes information, documents, testimony, and other items of a sensitive technical nature related to electronic databases, data systems, or record-keeping methods maintained by or behalf of any State, county, municipal, or other governmental entity which such entity believes in good faith is not generally known to others or to the public, and which would not normally be revealed to third parties except in confidence, including, for example, data dictionaries, database design documents, information related to the structure of databases, the characterization of the data stored within each database, or other similar information. This information may be designated as "For Counsel Only" or "Attorneys Eyes Only."

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.      *For Counsel or Attorneys Only*. The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the receiving party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies, or any detailed, highly-technical information that renders the State of Texas's voter registration or DPS databases and systems vulnerable to tampering or unauthorized access as described in paragraph 3b.

**4.      Designating Documents as Confidential or Highly Confidential.**

a.      Pursuant to this Order, any Party or any third party that produces Discovery Material in this case may designate such Discovery Material as containing "Classified Information" or "*For Counsel or Attorneys Only*" in accordance with this Order if the Designating Party in good faith believes that the Discovery Material contains Confidential Information or Highly Confidential Information, as those terms are defined above.  Absent party agreement to a different process, a Producing Party shall designate Discovery Materials Confidential or Highly Confidential prior to or at the time of the production of the documents.  If a Producing Party does not designate Discovery Materials as Confidential or Highly Confidential, any other Party to this action may designate the produced Discovery Materials as Confidential or Highly Confidential under the terms of Subsection 3(f), below.

b.      A Designating Party may designate Discovery Material at the time of production as Confidential or Highly Confidential by placing or affixing the words "Classified," "*For Counsel or Attorneys Only*".  Electronic media (such as CDs and DVDs) shall, at the time of production, be designated by affixing a label to such media.  Any copies that are made of any documents marked Confidential or Highly Confidential shall also be so marked.  Indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

c.      For any Confidential Information produced in a form that cannot be stamped or designated as described above, the Designating Party may designate such Discovery Material by cover letter referring generally to such matter.

d.      Third parties may designate the Discovery Materials they produce in this action as Classified or "Attorney Eyes Only" by following the procedure described above. Each Designating Party asserting "Classified Information" or "*For Counsel or Attorneys Only*" treatment of a document must be identified.

e.      Where a Producing Party does not designate Discovery Materials as "Classified Information" or "*For Counsel or Attorneys Only*", any Receiving Party may designate the Discovery Materials produced as Confidential or Highly Confidential under the terms of this Order within fourteen days of receiving the Discovery Materials.  During that fourteen-day period, the Discovery Materials will be treated by the Parties as Confidential unless they mutually agree that the review period is unnecessary or the Court orders otherwise.  A Party's need to review and potentially designate Discovery Materials shall not impede the production of such materials by third parties.

f.      A Designating Party may seek written permission from the Receiving Party to follow a different protocol, if such permission is reasonably requested for the purpose of expediting discovery or alleviating the administrative or financial burdens associated with a production. Nothing in this paragraph shall limit the rights of a Receiving Party to challenge any designation at any time.

**5.      Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 6.      Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7.      Disclosure to Qualified Persons

a.      *To Whom*. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with

applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During this Litigation*. Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.      Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform

the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.      Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

### 10.     Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11.     Texas Public Information Act

Nothing in this Protective Order shall be construed to limit the State of Texas's duty to comply with all applicable provisions of the Texas Public Information Act, nor does it expand, modify, or alter in any way the State of Texas's duties and obligations under the Texas Public Information Act.  If, however, the State receives a Public Information Request for Classified Information that has been provided to the State by any other party or third party pursuant to this Protective Order, the State will provide notice of such request to the Designating Party, as is required pursuant to Sec. 552.305(d) of the Texas Government Code.  The notice will be provided to the Designating Party no later than the 10th business day after the date the State receives the

relevant Public Information Request.  The Designating Party will be given 10 business days after the Designating Party receives the relevant notice to provide in writing to the Office of the Attorney General of Texas each reason the Designating Party has as to why the Classified Information shall be withheld from production pursuant to the Public Information Request.

**12.     Challenging the Designation**

a.     *Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.     *Qualified Persons*. In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an

order denying the disputed person (a) status as a Qualified Person, or (b) access to particular

Classified Information. The objecting person shall have the burden of demonstrating that

disclosure to the disputed person would expose the objecting party to the risk of serious harm.

Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to

the disputed person unless and until the court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

a.    *Confidential Information*. Any Party may file documents containing Confidential

Information with the Court without notice if the documents have been appropriately redacted to

excise the Confidential Information.  A Party that intends to use Confidential Information in court

filings or proceedings without redaction shall bring that issue to the other Party's attention by meet

and confer.  If the Parties cannot resolve the issue, they may seek resolution by motion without

disclosing the Confidential Information.  The Court may thereafter make such orders, including

any stipulated orders, as are necessary to govern the use of Confidential Information in the filing

or at the hearing.  The use of any Confidential Information at trial shall be governed by a separate

stipulation or Court order.  This Order does not prohibit discussion of Confidential Information

during Court hearings.

b.    *"For Counsel Only" or "Attorneys Eyes Only" Information*. A Party that intends

to use "For Counsel Only" or "Attorneys Eyes Only" Information in court proceedings shall bring

that issue to the Court's and Parties' attention by meet and confer or by motion without disclosing

the Information.  The Court may thereafter make such orders, including any stipulated orders, as

are necessary to govern the use of "For Counsel Only" or "Attorneys Eyes Only" Information at

the hearing.  The use of any "For Counsel Only" or "Attorneys Eyes Only" Information at trial

shall be governed by a separate court order.  To the extent that a Receiving Party intends to use

"For Counsel Only" or "Attorneys Eyes Only" Information during any hearing or trial, the Receiving Party must provide reasonable, advance notice to the Designating Party.  The Designating Party has the burden to establish that the "For Counsel Only" or "Attorneys Eyes Only" designation should be maintained, such that public access to the designated material should be restricted.  If a Designating Party refers to, attaches, or otherwise discloses the substance of the Information in its own court filings, any other Party similarly may refer to that Information in its motion papers or during oral argument without need for prior consultation.

### 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 15.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order, to the extent such information is required to be retained by law, or to the extent the material has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**16.    Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**17.    Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**18.    Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**19.    Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

In addition, the parties' agreement to the terms of this Protective Order shall not preclude any party from withholding from production, or producing in redacted form, any document or

information in response to a discovery request to the extent any such document or information is

privileged, or otherwise prohibited from disclosure in this proceeding, under state or federal law.

**20.     Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek

an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____.

_____

Honorable Fred Biery
United States District Judge