IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, <br><br> and <br><br> NATIONAL LEAGUE OF UNITED LATIN AMERICAN CITIZENS, <br><br> and <br><br> JULIE HILBERG, individually and on behalf of others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> DAVID WHITLEY, in his official capacity as Secretary of State for the State of Texas, <br><br> and <br><br> KEN PAXTON, in his official capacity as Attorney General for the State of Texas, <br><br>    Defendants. | Civil Action <br> Case No. 5:19-cv-00074-FB <br><br> CLASS ACTION |

**LULAC PLANTIFFS' RESPONSE TO DEFENDANTS' ADVISORY**

  LULAC Plaintiffs write in response to the advisory filed by Defendants on February 28, 2019 (ECF No. 74). The LULAC Plaintiffs continue to dispute Defendants' contention that the Secretary of State has no statutory authority to direct county election officials in the conduct of their duties. The Secretary of State is the chief elections officer in the state and is <u>required</u> under both federal and state law to ensure uniformity in the implementation of "list maintenance"

procedures such as the one at issue in this action. 52 U.S.C § 20507(b)(1) ("Any State program or activity to . . . ensur[e] the maintenance of an accurate and current voter registration roll . . . shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965"); Tex. Elec. Code § 31.003 ("The secretary of state shall obtain and maintain uniformity in the application, operation, and interpretation of this code and of the election laws outside of this code.").  As such, the Secretary is authorized to take "appropriate action to protect the voting rights of the citizens of this state from abuse by the authorities administering the state's electoral processes" including by ordering corrective action, *id*. § 31.005 and by issuing "written directives" to "appropriate state and local authorities having duties in the administration" of election laws, *id.* § 31.003.

Nonetheless, to the extent the Secretary seeks assurances from this Court that its proposed advisory complies with the Orders issued at ECF No. 61 and ECF No. 64, LULAC Plaintiffs have no objection to proposed language advising county election officials that they may remove voters from the rolls who are excused or disqualified from jury service because of non-citizen status, or who request to be removed from the rolls because of their lack of citizenship.

LULAC Plaintiffs request, however, that two clarifications be made regarding the proposed language for the Secretary of State's advisory. First, because the thirty-day clock may have already run for voters who were sent NCEs pursuant to this list, LULAC Plaintiffs ask that the counties be directed to reinstate any voter who has already been removed from the registration rolls because of failure to respond to an NCE sent pursuant to Advisory 2019-02. The Court entered its Order prior to the thirty-day clock running for any voter sent an NCE, but the Secretary's delay in implementing the Order means that some voters may have already been

removed in the interim. Second, LULAC Plaintiffs ask that the Secretary clarify that while county officials may remove voters from the rolls if they so request, they may not ask or require a voter to provide any information or documentation regarding their citizenship status simply because the voter "initiates contact" with the administrator to seek clarification about their voter registration status or their status on the list referred to by Advisory 2019-02.

Finally, LULAC Plaintiffs urge that if there is any clarification issued by the Court, it be such that it does not constitute an affirmative judicial endorsement of the proposed new advisory itself. Defendant Whitley closes his advisory to the Court with this sentence (with the emphasis added): "*If the Court agrees that Exhibit A complies with its injunction*, Secretary Whitley is prepared to promptly send the Election Advisory to the counties." Significant portions of the draft Election Advisory misrepresent this Court's Orders. For example, the draft advisory states in the second paragraph that this Court "acknowledged" that the process was "performed in good faith to carry out statutory list maintenance duties." But that is not what the Court said. Instead, it said that the Secretary of State's Office made a "good faith effort to *transition* from a passive process" to an active one. ECF No. 61 at *1. (emphasis added). The Court did not state that the process was "performed" in good faith[*] or that it was required by statute. It may be that the Court cannot, or chooses not, to dictate the precise words of an advisory to be sent out the SOS. By the same token, the SOS should not implicitly put words into the Court's mouth by suggesting that an Advisory it is sending out has been blessed, word-for-word, by the Court.

---

[*] As an example, the Secretary of State's Office appears to have disregarded the Texas Department of Public Safety's clear warning early in the process that DPS was not the right place for the SOS to go for current and accurate citizenship data. ""My boss wanted to call them to confirm what they needed. So we had a phone call, and my boss spoke to SOS. And they wanted us to confirm citizenship on records that we send them. My boss told them that DPS is not an authorizing agency to confirm citizenship. We do collect citizenship information at the time of the transaction, but that may not be current because when you come in for the driver's license, you get a driver's license for six years, right? We may not have the current citizenship information. And *my boss asked SOS that they should -- I mean, she suggested they should go directly to DHS if they want current citizenship information*." Test. of G. Vasan, DPS Staff, Tr. of Feb. 19, 2019, at 210-11 (emphasis added).

Dated: March 1, 2019

Danielle M. Lang*
Mark P. Gaber*
Molly E. Danahy*†
    † Admitted in NY only, DC Bar Application
    Pending. Supervised by Mark Gaber, a
    member of the DC Bar.
Campaign Legal Center
1411 K Street NW, Suite 1400
Washington, DC 20005
Telephone: (202) 736-2200
Facsimile: (202) 736-2222
dlang@campaignlegal.org
mgaber@campaignlegal.org
mdanahy@campaignlegal.org
*admitted pro hac vice

Renea Hicks
State Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, TX 78703
Telephone: (512) 480-8231
rhicks@renea-hicks.com

David Richards
State Bar No. 16846000
Richards, Rodriguez & Skeith LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (512) 476-0005
Facsimile: (512) 476-1513

Respectfully submitted,

/s/ Luis Roberto Vera, Jr.
Luis Roberto Vera, Jr.
LULAC National General Counsel
Law Offices of Luis Roberto Vera, Jr. &
 Associates
1325 Riverview Towers
111 Soledad
San Antonio, TX 78205-2260
Telephone: (210) 225-3300
lrvlaw@sbcglobal.net

Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Brazil & Dunn
3303 Northland Drive, Suite 205
Austin, TX 78731
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served on March 1, 2019 on all counsel of record via the Court's CM/ECF system.

                                                                /s/ Luis Roberto Vera, Jr.
                                                                 Luis Roberto Vera, Jr.