IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Texas League of United Latin American Citizens, et al. § § *Plaintiffs,* § § v. § § David Whitley et al. § *Defendants* § | | Civil Action No.: 5:19-CV-00074-FB |

**COUNTY DEFENDANTS' REPLY TO PLAINITFFS' AND DEFENDANT SECRETARY OF STATE'S RESPONSE TO COUNTY DEFENDNATS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6)**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Blanco County, Smith County, Fayette County, Galveston County, Harrison County, Hansford County, Caldwell County, and Washington County (hereinafter "County Defendants") file this reply to both Plaintiffs' and Defendant Secretary of State's response to County Defendants' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants offer the following:

### I.    Argument & Authorities

**A.  Plaintiffs' Response**

Plaintiffs' Response fails to address the County Defendants' argument that its Complaint does not state a claim. The County Defendants' Motion to Dismiss specifically discussed and refuted each and every claim made in the Complaint. Other than an injunction preventing the County Defendants from complying with state law, Plaintiffs' do not seek any further relief from the County Defendants. *See* Doc. 125 at pg. 3-5. Plaintiffs have failed to articulate the relief they seek against a county. Instead, Plaintiffs seek only relief against the State.

Plaintiffs' response spends eight pages citing various areas of the Elections Code, but it does not address a single specific argument made in the Motion to Dismiss. For example, Count III of Plaintiffs' Complaint has nothing to do with the County Defendants. Plaintiffs allege that the Secretary of State failed to enact a uniform standard for implementing list maintenance. Doc 7. at ¶ 142. It is undisputed that the duty to enact a uniform standard is the sole responsibility of the Secretary of State. Tex. Elec. Code § 31.001(a); 52 U.S.C. § 20509. Plaintiffs cannot claim that a county is responsible for implementing a uniform program for list maintenance. Similarly, Plaintiffs not do address any other specific count that was refuted in the County Defendants' Motion to Dismiss.

The only argument made in the entirety of the Plaintiffs' response is that Texas counties have a duty to investigate and that the County Defendants, by sending out a Notice of Investigation letter, somehow violated that duty to investigate.

> Critically, the authority to deliver a Notice arises only when a "registrar has *reason to believe* that a voter is no longer eligible for registration." *Id.* § 16.033(b) (emphasis added). It is only then that the registrar "shall deliver written notice to the voter indicating that the voter's registration status is being investigated by the registrar," *id.,* and remove the voter if an adequate response to the Notice is not received. Simply put, no one is removed from the voter rolls, pursuant to the Secretary's List, in the absence of county action.

Doc. 125 at 5. However, this argument makes the same assumption made by the Secretary of State—that there is another way for county elections administrators to "investigate" than by sending a Notice of Investigation letter. And yet, no other party has explained to the Court (nor any county elections official) what the statutory requirements are for an "investigation" or what any "pre-investigation" entails. Texas counties do not have access to a database that provides information concerning citizenship. The only way for a county to "investigate" whether or not a voter is a citizen is to mail a letter asking the voter. These letters are provided by the Secretary of

State. The local elections administrators are trained, by the Secretary of State, to mail out these letters when they receive notice that someone is not a citizen. Notably, the name of the letter ("Notice of Investigation") explains its purpose—to investigate. Both the Plaintiffs and the State argue that there is some prior step that counties need to take to "investigate" that must proceed mailing a Notice of Investigation letter.

As discussed in the motion to dismiss (and pursuant to the Secretary of State's training, the Texas Administrative Code, and the Texas Elections Code) the Notice of Investigation letter <u>is</u> the investigation. Plaintiffs have failed to cite to any statutory authority that supports their argument that a prior investigation needs to take place before a Notice of Investigation letter is sent to a voter. Therefore, Plaintiffs' Complaint fails to state a claim against the County Defendants.

**B. Texas Secretary of State and Attorney General's Response**

The State's response correctly states that Texas county elections officials investigate and cancel voters who are improperly registered, whatever the reason may be for that cancellation. Doc. 126 at 2-3. The State is also correct when it states:

> Secretary Whitley cited the statutory provision authorizing the registrar to investigate <u>based on a reasonable belief</u> that a voter is no longer eligible for registration. *Id*. (citing Tex. Elec. Code § 16.033(b)). <u>And he pointed to the legislatively provided framework for conducting these investigations, noting that the notice should be delivered by forwardable mail</u> and that non-responses within the prescribed period and notices returned as non-delivered would result in the voter's removal from the rolls.

*Id*. at 4 (emphasis added). The State and County Defendants, therefore, agree that the Notice of Investigation letters are the "investigation" required by the Elections Code. However, two pages later, the State contradicts this statement and asserts that, "[c]ounties are, and have been, familiar with the way such process is carried out by the Secretary of State and their obligations to <u>first</u> investigate individuals on lists provided by the Secretary of State <u>before sending out examination</u>

letters." *Id*. at 6 (emphasis added). Similar to the Plaintiffs, the State fails to define the type of "pre-investigation" a county elections official is statutorily required to perform before sending out the Notice of Investigation letter. Importantly, no party has pointed to any law or rule that answers this question.

It is undisputed that the Secretary of State trains county elections officials. The Secretary of State regularly sends information to these officials, through a system designed and controlled by the State, and notifies the county officials that there is information that someone may be a felon, a non-citizen, declared incompetent, or that the voter moved. County officials send Notice of Investigation letters, as authorized by the Election Code and provided by the Secretary of State, in order to follow-up on the county's reasonable belief that a voter is no longer eligible for registration based the information received from the Secretary of State. The State seems to argue that the information they send to county elections officials is neither reasonable nor reliable. Here, the County Defendants followed the statutory process and reasonably relied on the data provided by the Secretary of State.

### III.   Prayer

For these reasons, County Defendants request that the Court grant their Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and deny all relief requested by the Plaintiff against the County Defendants.

          Respectfully submitted,

          */s/ J. Eric Magee*
          J. Eric Magee
          SBN: 24007585
          e.magee@allison-bass.com
          Philip Arnold
          SBN: 24044710
          p.arnold@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile
*Attorneys for Austin County,*
*Blanco County, Caldwell County, Fayette*
*County, Harrison County,*
*Hansford County, Smith County,*
*Washington County, and Wood County*

*/s/Robert B. Boemer* _____
Robert B. Boemer
SBN: 02550550
Bob.boemer@co.galveston.tx.us
Barry C. Willey
SBN: 00788670
barry.willey@co.galveston.tx.us
Galveston County Legal Department
722 Moody, 5th Floor
Galveston, Texas 77550
Tel. (409)770-5562
Fax. (409)770-5560
*Attorneys for Galveston County*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Eric Magee*
J. Eric Magee