IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Texas League of United Latin American Citizens, et al.<br>*Plaintiffs,*<br><br>v.<br><br>David Whitley et al.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 5:19-CV-00074-FB |

## **COUNTY DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Galveston County, Caldwell County, Blanco County, Fayette County, Washington County, Hansford County, Harrison County, and Smith County (hereinafter "County Defendants") file this original answer to Plaintiff's First Amended Complaint for Declaratory Relief (Doc. 7 in Cause No. 3:19-cv-00041, consolidated into this cause by order of the court, Doc. 52 filed on February 22, 2019). In support thereof, County Defendants respectfully show as follows:

### I.   ANSWER

Pursuant to Rule 8(b), Federal Rules of Civil Procedure, County Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint (hereafter "the Complaint") except those expressly admitted herein.

Defendants answer the allegations contained in the numbered paragraphs of the Complaint as follows:

1.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 1-20 of the Complaint except as follows. County Defendants admit that some notices of investigation were sent, as required by Texas law.

However, no action has been taken on the notices of investigation and the Court has issued an order restraining any such action. County Defendants further admit that David Whitely issued a press release on January 25, 2019 and issued Elections Advisory No. 2019-02 that stated it contained "actionable information" about voters who were improperly registered to vote. The Advisory also stated that this information was to be treated as "weak" matches.

2. It is denied that the Court has subject-matter jurisdiction as alleged in Paragraphs 21-23. Plaintiffs' claims against County Defendants are not ripe and/or moot. County Defendants are not a proper party to this cause of action because the Texas Secretary of State is the state's chief elections officer. To the extent Plaintiffs challenge the Texas Elections Code, and any actions taken by the County Defendants as required by the Texas Elections Code, the proper party is the State of Texas and/or the Texas Secretary of State.

3. County Defendants admit venue is proper in the Western District of Texas as alleged in Paragraph 24.

4. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 25-28 of the Complaint.

5. County Defendants admit the facts stated in Paragraphs 29-38.

6. County Defendants admit the facts stated in Paragraphs 39-42.

7. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 43-46 of the Complaint.

8. County Defendants admit the facts stated in Paragraph 47.

9. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 48 and 49.

10. County Defendants admit the facts stated in Paragraph 50 in as much as it is a statement contained in Advisory 2019-02, which speaks for itself. However, County Defendants deny that the Advisory uses the word "only" as stated in Paragraph 50. County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

11. County Defendants admit the facts stated in Paragraphs 51-52 as much as they contain statements from Advisory 2019-02, which speaks for itself. County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

12. County Defendants admit the facts stated in Paragraph 53 in as much as it is a statement contained in Advisory 2019-02, which speaks for itself. However, County Defendants deny the Advisory uses the word "purge" or that the list in question is a "purge list." County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

13. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54.

14. County Defendants admit the facts stated in Paragraphs 55-58 in as much as they contain statements from in Advisory 2019-02, which speaks for itself. County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

15. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59.

16. County Defendants admit the facts stated in Paragraph 60 in as much as it contains statements from in Advisory 2019-02, which speaks for itself. County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

17. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 61-65.

18. Paragraph 66 is a statement of law, which does not require a response. However, no voters have been canceled due to information received from Advisory 2019-02.

19. County Defendants admit the facts stated in Paragraph 67 in as much as it contains statements from in Advisory 2019-02, which speaks for itself. County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

20. County Defendants deny that the Advisory does not allow a voter to re-establish their registration should they fail to respond within 30 days to the Notice of Investigation letter. The Texas Elections Code and Administrative Code allow a voter, upon presenting proof of citizenship, to be automatically reinstated and allowed to vote. However, County Defendants admit that the Advisory does not use the word "hearing." County Defendants deny all other allegations excluding the specific language contained in Advisory 2019-02.

21. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 69-74.

22. County Defendants admit that some counties sent out notices to voters in response to Advisory 2019-02 on or about January 28, 2019. County Defendants deny that any "additional investigation," as stated in paragraph 75, is required by law.

23. County Defendants admit that, as stated in Paragraph 76, 92 notices were sent on January 28, 2019 out of a list of 837 voters.

24. County Defendants admit that the counties named in Paragraph 77 sent out some notice of investigation letters in response to Advisory 2019-02. County Defendants deny that any "additional investigation," as stated in paragraph 77, is required by law.

25. County Defendants deny the facts alleged in Paragraph 78.

26. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 79.

27. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 because the statement does not identify what counties were called by the Secretary of State.

28. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 81.

29. County Defendants admit the facts alleged in Paragraph 82. However, while 64 total notices were mailed, 6 of these were duplicates and only 58 individual voters were contacted.

30. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 83-100.

31. County Defendants admit the statement alleged in paragraph 101 to the extent that, pursuant to state law and the Texas Administrative Code, a voter has 30 days to respond to a Notice of Investigation letter. County Defendants deny all other allegations.

32. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 102-117.

33. Paragraphs 118-123 are statements of law to which no response is required.

34. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 124.

35. Paragraph 125 is a statement of reference and does not require a response.

36. Paragraphs 126 and 127 are statements of law to which no response is required.

37. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 128-135. To the extent these allegations are against any County Defendant, they deny that they violated any law or the United States Constitution.

38. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 136 because they did not create Advisory 2019-02 and the related list of voters. Specifically, County Defendants deny all allegations including that they flagged the eligibility of voters without an adequate justification.

39. County Defendants deny the allegations contained in Paragraphs 137-138.

40. Paragraph 139 is a statement of reference and does not require a response.

41. Paragraph 140 is a statement of law to which no response is required.

42. County Defendants deny the allegations contained in Paragraphs 141 and 142.

43. Paragraph 143 is a statement of reference and does not require a response.

44. Paragraph 144 is a statement of law to which no response is required.

45. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 145 because they did not create Advisory 2019-02 and the related list of voters.

46. County Defendants deny the allegations contained in Paragraphs 146 and 147.

47. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148 because they did not create Advisory 2019-02.

48. County Defendants deny the allegations contained in Paragraphs 149 and 150.

49. Paragraph 151 is a statement of reference and does not require a response.

50. To the extent they allege actions taken by County Defendants, they deny the allegations contained in Paragraphs 152-155.

51. Paragraph 156 is a statement of reference and does not require a response.

52. County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 157 and 158 because they did not create Advisory 2019-02.

53. Paragraph 159 is a statement of reference and does not require a response.

54. Paragraph 160 is a statement of law to which no response is required.

55. County Defendants deny the allegations contained in Paragraphs 161 and 162.

56. Plaintiffs' Prayer for Relief does not contain allegations to admit or deny. However, County Defendants deny all allegations, if any, in Plaintiffs' Prayer for Relief and specifically deny that Plaintiffs are entitled to any of the relief sought in this case.

## II.   ATTORNEYS' FEES AND COSTS

County Defendants respectfully request that the Court order the Plaintiffs to pay Defendants for their reasonable attorney fees, including litigation expenses, and costs pursuant to 52 U.S.C. §10310.

## III.   JURY DEMAND

County Defendants assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IV.   PRAYER

WHEREFORE, County Defendants pray for a judgment:

1. Dismissing the complaint for want of jurisdiction and/or for failure to state a claim upon which relief can be granted; or alternatively

2. Denying all relief requested by Plaintiffs;

3. Ordering that Plaintiffs pay Defendants' reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 10310; and

4. Granting Defendants all further relief that this Court deems just and proper.

Respectfully submitted,

*/s/* J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Philip B. Arnold
SBN 24044710
p.arnold@allison-bass.com
**ALLISON, BASS & MAGEE, LLP.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701
(512) 480-0902 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Eric Magee*
J. Eric Magee