| | | |
|---|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. SA-19-CA-074-FB |
| DAVID WHITLEY, et al., | § § § | |
| *Defendants.* | § | |

AND

| | | |
|---|---|---|
| JULIETA GARIBAY, et al., | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| | § § | CIVIL ACTION NO. SA-19-CA-159-FB |
| DAVID WHITLEY, et al., | § § | |
| *Defendants.* | § § § | |

AND

| | | |
|---|---|---|
| MOVE TEXAS CIVIC FUND, et al., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| | § § | CIVIL ACTION NO. SA-19-CA-171-FB |
| DAVID WHITLEY, et al., | § § § | |
| *Defendants.* | § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
THE GARIBAY PLAINTIFFS' THIRD AMENDED COMPLAINT**

1. Just like the LULAC Plaintiffs in the first-filed case, the Garibay Plaintiffs have sued Texas Attorney General Ken Paxton for doing nothing other than making public statements about the results of the process described in Election Advisory 2019-02. *See* Garibay Third Am. Compl. ¶¶ 124–26, ECF No. 97. And then they went a step further and added similar claims against Texas Governor Greg Abbott. The claims against Attorney General Paxton amount to his having issued one press release and one tweet. *Id.* ¶¶ 124–25. And the allegations against Governor Abbott are limited to a single tweet and two answers to reporters' questions. *Id.* ¶¶ 126, 183, 186.

2. The Court has already dismissed the LULAC Plaintiffs' claims against Attorney General Paxton based on those same public statements, recognizing his First Amendment right to make such statements. March 27, 2019 Order, ECF No. 131. Each one of the Garibay Plaintiffs' claims against Governor Abbott and Attorney General Paxton fail for the same reason.

3. Additionally, the Garibay Plaintiffs have not pleaded that they have suffered an injury in fact that is traceable to Attorney General Paxton or Governor Abbott or redressable by a ruling against Attorney General Paxton or Governor Abbott. Thus, the Garibay Plaintiffs have failed to show how this Court has Article III jurisdiction over the Garibay Plaintiffs' claims against Attorney General Paxton or Governor Abbott. In their response to Defendants' motion to dismiss, the Garibay Plaintiffs once again confirm that their claims against Attorney General Paxton and Governor Abbott are wholly based on their "public statements." Garibay Resp. to Defs.' Mot. to Dismiss at 4, ECF No. 136. The Garibay Plaintiffs do not allege that Attorney General Paxton publicly stated that any particular individual is under investigation, and the Garibay Plaintiffs do not allege how Governor Abbott's public statements caused any plaintiff any harm. Governor Abbott and Attorney General Paxton cannot cancel any voter's registration and cannot advise any county to investigate or refrain from investigating a voter's citizenship. And any relief sought by

the Garibay Plaintiffs related to Attorney General Paxton's authority to investigate allegations of voter fraud is unsupported by the allegations in the third amended complaint and well beyond the scope of this case.

4. Likewise, the Garibay Plaintiffs' claim of conspiracy fails because it is based entirely on those same public statements. *See id.* at 26 (alleging that Attorney General Paxton made "public statements," that Attorney General Paxton and Governor Abbott "repeated then defended" such statements, and that Governor Abbott continued defending the process "in the media."). Thus, the Garibay Plaintiffs' conspiracy claim should be dismissed not only as to Attorney General Paxton and Governor Abbott, but also as to Texas Secretary of State David Whitley, particularly because a conspiracy requires more than one actor. *See Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).

5. As for the remaining claims against Secretary Whitley, the Garibay Plaintiffs still do not allege that any of the plaintiffs have been wrongfully denied the right to vote by Secretary Whitley. Nor would such an allegation be plausible in any event. Secretary Whitley is not responsible for canceling, or even investigating, any voter's registration. *See* State Defs.' Mot. to Dismiss Garibay Third Am. Compl. ¶¶ 5–10, ECF No. 128. And to the extent that any counties investigate or cancel registrations, there are procedural safeguards in place to protect eligible voters' right to cast a ballot. *Id.* ¶¶ 9–10, 32. Those safeguards help ensure that the list-maintenance process outlined in Election Advisory 2019-02 meets the *Anderson-Burdick* balancing test and is in line with other acceptable practices to ensure the integrity of Texas's elections. *See, e.g., Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197–98 (2008) (holding that the availability of the right to cast a provisional ballot provides an adequate remedy for burdens arising from life's vagaries); *see also* State Defs.' Mot. to Dismiss Garibay Third Am. Compl. ¶¶ 44–52, ECF No.

128. And finally, the Garibay Plaintiffs still do not attempt to link their potential receipt of a notice of examination to "social and historical conditions that have or currently produce discrimination against members of [a] protected class" as required by Section 2 of the Voting Rights Act. *See id.* ¶¶ 55–58.

6. Therefore, the State Defendants respectfully request that the Court dismiss with prejudice all of the Garibay Plaintiffs' claims in their third amended complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFERY C. MATEER
First Assistant Attorney General

RYAN BANGERT
Deputy Attorney General for Legal Counsel

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Associate Deputy for Special Litigation
Texas Bar No. 00798537

TODD LAWRENCE DISHER
Special Counsel for Civil Litigation
Texas Bar No. 24081854
MICHAEL TOTH
Special Counsel for Civil Litigation
Texas Bar No. 24100608
ROLA DAABOUL
Assistant Attorney General
Texas Bar No. 24068473
CHRISTOPHER D. HILTON
Assistant Attorney General
Texas Bar No. 24087727
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
Patrick.Sweeten@oag.texas.gov
Todd.Disher@oag.texas.gov
Michael.Toth@oag.texas.gov
Rola.Daaboul@oag.texas.gov
Christopher.Hilton@oag.texas.gov
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on **April 10, 2019**, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*

PATRICK K. SWEETEN